Leslie A. Cataldo, Esq. Informal Opinion O'Hara O'Connell No. 2000-13 Attorneys for Jefferson Lewis BOCES Suite One Hundred 200 Salina Meadows Parkway Syracuse, New York 13212-4505
Dear Ms. Cataldo:
You have inquired whether a member of both a board of cooperative education services ("BOCES") and the board of education of a school district that is a component of the BOCES may also serve as an elected part-time district attorney. You advised us that both the school district and the BOCES are located wholly within the jurisdiction of the district attorney's office. We conclude that the school board and BOCES positions are incompatible with the position of district attorney.
In the absence of a constitutional or statutory prohibition against dual office holding, one person may hold two offices simultaneously unless they are incompatible under common law. In People ex rel. Ryan v. Green,58 N.Y. 295 (1874), the Court of Appeals held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the duties of the two offices.
While we have found no statute prohibiting the concurrent holding of these offices, there is, in our view, a conflict between the duties of the offices. The district attorney conducts all prosecutions for crimes and offenses cognizable by the courts of the county for which he shall have been elected. County Law § 700(1). The district attorney has broad discretion in determining when and in what manner to investigate suspected crimes, People v. Bar-Noy, 97 Misc.2d 152, 156 (N. Y. City Crim. Ct. 1978), and whether or not to prosecute a suspected offender,People v. DiFalco, 44 N.Y.2d 482, 486 (1978). Generally, BOCES members determine policy for the BOCES. See Education Law § 1950. Likewise, members of boards of education determine school district policy. See Education Law § 1604.
None of these positions is subordinate to another because each is within a separate legal entity. The District Attorney's broad law enforcement responsibilities, however, are incompatible with his holding an office in another governmental entity within the same jurisdiction which he might be compelled to investigate or prosecute. His positions on the boards of the BOCES and school district, which establish policy for the public entities, could compromise an investigation of these entities by him, as district attorney. In any event, this dual office holding raises questions as to whether the district attorney can impartially carry out his broad prosecutorial discretion and, therefore, tends to undermine public confidence in the integrity of government.
Our conclusion in 1973 Op Atty Gen (Inf) 184, that there was no inherent conflict between the offices of assistant district attorney and city councilman, is distinguishable. The basis for that conclusion is that a district attorney, unlike an assistant district attorney, has a nondelegable responsibility for all aspects of the duties of his office. The conflict of duties between the positions you describe thus cannot be resolved by recusal.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
WILLIAM E. STORRS, Assistant Solicitor General